FILED by *CF* D.C.

ELECTRONIC

**SEPT 10, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. **10-20685-CR-MIDDLEBROOKS/TURNOFF**
### 18 U.S.C. § 371

**UNITED STATES OF AMERICA**

**vs.**

**ABDALAZIZ N. A. HAMAYEL**
**and**
**YANNY AGUILA URBAY,**

_____  **Defendants.  /**

## INDICTMENT

The Grand Jury charges that:

From in or around April 2009, the exact date being unknown to the Grand Jury, and continuing through on or about June 19, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### ABDALAZIZ N. A. HAMAYEL
### and
### YANNY AGUILA URBAY,

did knowingly and willfully conspire with each other and other persons known and unknown to the Grand Jury to:

a)    knowingly possess stolen firearms, that is, M-16s, AK-47s, and silencers, which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe that the firearms were stolen, in violation of Title 18, United States Code, Section 922(j);

b)    knowingly possess machine guns, that is, M-16s and AK-47s, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(o); and

c)    knowingly transport, ship, and receive any explosive materials, as defined in Title 18, United States Code, Section 841, that is, grenades and improvised explosive devices, without the required license and permit, in violation of Title 18, United States Code, Section 842(a)(3)(A).

**OVERT ACTS**

In furtherance of the conspiracy and to achieve the objects thereof, at least one of the coconspirators committed and caused to be committed in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.    On or about May 11, 2009, **ABDALAZIZ N. A. HAMAYEL and YANNY AGUILA URBAY** met with a law enforcement undercover agent and discussed the purchase of between 200 and 300 stolen, fully automatic assault rifles, 150 grenades and remotely detonated explosives.

2.    On or about May 22, 2009, **ABDALAZIZ N. A. HAMAYEL** met with a law enforcement undercover agent and discussed the purchase of 300 stolen, fully automatic assault rifles, which discussion included the purchase price and how to trigger the remote detonation of explosive devices.

3.    On or about May 29, 2009, **ABDALAZIZ N. A. HAMAYEL** met with a law enforcement undercover agent and discussed the stolen automatic weapons and the packaging of the grenades.

4.    On or about June 11, 2009, **ABDALAZIZ N. A. HAMAYEL** met with a law enforcement undercover agent and examined an AK-47, two M-16s, two grenades, and two improvised explosive devices.

All in violation of Title 18, United States Code, Section 371.


A TRUE BILL


FOREPERSON


WIFREDO A. FERRER
UNITED STATES ATTORNEY


KAREN E. GILBERT
ASSISTANT UNITED STATES ATTORNEY


MICHAEL R. SHERWIN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

ABDALAZIZ N. A. HAMAYEL and
YANNY AGUILA URBAY,

Defendants.

_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

__X__ Miami  ____  Key West
____  FTL  ____  WPB  ____  FTP

New Defendant(s)          Yes _____    No ____
Number of New Defendants            _____
Total number of counts               _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:    (Yes or No)    __Yes__
    List language and/or dialect    __Spanish__

4.  This case will take    __8__    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                              (Check only one)

    I     0  to  5 days          _____          Petty      _____
    II    6 to 10 days           __X__           Minor      _____
    III   11 to 20 days          _____          Misdem.    _____
    IV    21 to 60 days          _____          Felony     __X__
    V     61 days and over       _____

6.  Has this case been previously filed in this District Court? (Yes or No)    __No__
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?    (Yes or No)    __Yes__
    If yes:
    Magistrate Case No.    __10-3234-PAW___ __10-3258-PAW_____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____    District of _____

    Is this a potential death penalty case? (Yes or No)    __No__

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes   __X__ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes   __X__ No

Karen E. Gilbert
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 771007

*Penalty Sheet(s) attached

REV 4/8/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: ABDALAZIZ N.A. HAMAYEL

**Case No**:

Count #: 1

  Conspiracy to possess stolen firearms; fully automatic firearms; and explosive materials

  18 U.S.C. § 371

**\* Max.Penalty**:              5 years imprisonment

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: YANNY AGUILA URBAY

**Case No**:

Count #: 1

Conspiracy to possess stolen firearms; fully automatic firearms; and explosive materials

18 U.S.C. § 371

**\* Max.Penalty**:          5 years imprisonment